UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

ANDREW B. SHEETS,

Plaintiff,

v.

TONY PRIBBLE, individually,

JOANNE VERNON, individually,

and CHARLOTTE COUNTY, a political subdivision of the State of Florida,

Defendants.

Case No. 2:25-cv-500-KCD-NPM

---

## JUDGE ORDER SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

---

1. Pro Se ANDREW B. SHEETS submits JUDGE ORDER SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

2. **Right to Protest on a public sidewalk.**

   a. "Given that Westboro's speech was at a public place on a matter of public concern, that speech is entitled to "special protection" under the First Amendment. Such speech cannot be restricted simply because it is upsetting or arouses contempt. "If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." Texas v. Johnson, 491 U. S. 397, 414 (1989). Indeed, "the point of all speech protection … is to shield just those choices of content that in someone's eyes are misguided, or even hurtful." Hurley v. Irish American Gay, Lesbian and Bisexual Group of Boston, Inc., 515 U. S. 557, 574 (1995)." *Snyder v. Phelps,* 562 U.S. 443 (2011)

## JURISDICTION AND VENUE

3. This court has subject matter over jurisdiction this matter pursuant to 28 U.S.C section 1331 and 1343(a)(3) as well as 42. U.S.C section 1983 and Florida Law.

4. Venue in this judicial district and division is proper pursuant two 28 U.S.C. Section 1391(b) and M.D. Fla. Loc. R. 1.02

## PARTIES

5. ANDREW B SHEETS is a resident of Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

6. TONY PRIBBLE , Charotte county employee In Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

7. JOANNE VERNON, Charotte county employee In Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

8. Defendant Charlotte County is a municipal entity and final policymaker for the Charlotte County Facility Rules, including Rule 10.

## **Factual Allegations**

9. On 6/24/2021 Plaintiff was engaged in a public protest on the public sidewalk behind the DMV on 410 Taylor St., S Annex Punta Gorda FL. This sidewalk is a traditional public forum, and even after county regulation it is still use as a traditional public forum.

10. Defendant Pribble; acting as a head of security for Charlotte County did violate plaintiff's 1st amendment rights by trespassing plaintiff. Defendant Pribble also stated if plaintiff did not stop his protest and leave, he would be arrested.

11. JOANNE VERNON is a county employee who did false testimony in front of the special magistrate.

12. Defendant Pribble; and JOANNE VERNON had an understanding and did conspire to violate plaintiff's rights

13. Charlotte County has a policy " CHARLOTTE COUNTY FACILITY RULES 10" that is Unconstitutional and unreasonable; as applied to the public sidewalk, and unconstitutional because of over breath and vagueness.

14. Defendant Pribble and Sheets have a love hate relationship. Pribble has been covered under Plaintiffs journalism and is aware of his viewpoint.

15. Plaintiff was protesting a unconstitutional sign ordinance. This ordinance penalizes indecent speech on a sign.  Punta Gorda, Fla., Code of Ordinances, ch. 26, § 11.5(z).

16. It should be noted that part of plaintiffs protest was the display of a TV, the broadcast of curse words on a television.  The volume of the television was extremely low, Plaintiffs voice and his verbal protest was much louder than what the TV was broadcasting.  It would be impossible for someone to claim; that they could hear the noises, and the TV yet not hear Plaintiff's voice.  Sounds that came from the TV we're part of plaintiff's protest much like the burning of a flag in *Texas v. Johnson*, 491 U.S. 397 (1989) or the

Display of a jacket with the words F*ck the Draft, in *Cohen v. California*, 403 U.S. 15 (1971),

17. A test, an audit, Plaintiff was fishing.  Plaintiff knew the ordinance in question, that penalized signs that contained protected speech was unconstitutional. Plaintiff wanted to see; if words the government deemed indecent on signs, would also be deem indecent if they were on a TV.

   a. Plaintiff was not only engaged in Protest he was engaged in journalism. Both Plaintiff's rights of Free speech and Free Press we're willfully and wantonly violated by individual Defendant Pribble; and JOANNE VERNON.

18. This INDECENT Sign ordinance has  been deemed unconstitutional.

   a. Punta Gorda city ordinance 9A-13(C)(8)/26-11.5(z) was ruled unconstitutional in two cases:  IN THE CIRCUIT COURT OF THE TWENTIETH JUDICAL CIRUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA:

19. Massey v City of Punta Gorda Case No. 21001014CA

20. and   Andrew Brayant Sheets v City of Punta Gorda. Case 21001015CA

21. Tony Pribble the head of Charlotte County Security Trespassed Plaintiff for carrying  a TV; that was broadcasting the words "fuck and shit".  The volume of the TV was lower than one would speak in a normal voice.

22. Ms. Vernon testified that she is a county employee who was present at the Annex on June 24,

23. 2021. Ms. Vernon testified that while at work performing County business, she could hear loud noise or music being played through a television set outside of the Annex. Ms. Vernon testified that the noise was disruptive to County business and County employees were voicing complaints regarding the noise. Specifically, Ms. Vernon testified that a "webinar" being hosted for County employees was disrupted several times due to the loud noise.

24. Along with the Television plaintiff also had a sign that said Punta Gorda City Council are C*nts 4 killing Free Speech. Plaintiff did self censor,  the word "Cunt" did have the u covered up.

25. There could be absolutely no question; Plaintiff was engaged in a protest. It should also be noted that, this incident lacked any type of incident report. Plaintiff has been Trespassed many times; and there is always an incident report, that state the facts of the probable cause for the trespass.

26. Plaintiff was trespassed for violating Charlotte County rule 10.  However, Plaintiffs only actions were the broadcasting of protected speech.

27. Tony Pribble the head of Charlotte County Security Trespassed Plaintiff for carrying  a TV; that was broadcasting the words "fuck and shit".  The volume of the TV was lower than one would speak in a normal voice.

**The following is a verbal interaction between plaintiff and Defendant Pribble.**

28. Defendant Pribble walks up and hands Plaintiff some of papers.
    a. Defendant Pribble: "You are officially trespassed from this property."
    b. Plaintiff: " For what?"
    c. Defendant Pribble: "Violation of Rule number 10."
    d. Plaintiff: "What is that?"
    e. Defendant Pribble: " read it there it is disturbing county business."
    f. Plaintiff: " I am not… I am legally Protesting. "
    g. Defendant Pribble: " you are trespassed from this property"
    h. Plaintiff: "I am legally Protesting."
    i. Defendant Pribble: " I'm gonna call the Punta Gorda Police Department and have you removed"

29. Plaintiff wish to continue with his peaceful protests. However Plaintiff submitted to the authority of Defendant Pribbles unlawful order, and did leave the public sidewalk.

**The issuing of the trespass warning was improper and showed viewpoint discrimination along with a retaliatory intent.**

30. Under Charlotte County facility rules Plaintiff should have been told what conduct he was engaged in that violated the rules and been given, a chance to stop. Instead Defendant Pribble went straight to the Tresspass warning

and skipped the step informs the person what rule is being violated and asks that person to stop. Furthermore Pribble ignores the fact that Plaintiff states he's protesting.

31. Pribble then use the Premature Trespass warning as a weapon; and states he will be calling the Punta Gorda police.

    a. "If an individual fails to immediately cease conduct prohibited by these Rules upon request, a Trespass Warning may be issued by the County Administrator (or his or her designee) pursuant to County Ordinance 2016-027." (Charlotte County facility rules)

32. Plaintiff wish to continue with his peaceful protests. However plaintiff submitted to the authority of Defendant Pribbles unlawful order, and did leave the public sidewalk.

## Conspiracy and Retaliation

33. These claims involve Defendant Pribble and Vernon and are intertwined.

34. It should be noted the plaintiff was protesting a local government; ordinance, and that this ordinance was also being used in County buildings to kill free speech. Effectively Plaintiff was protesting against Defendant Pribble and Vernon; since they were members, of that county government.

35. Defendant Pribble and Vernon have an understanding and did conspire with each other to violate plaintiffs First Amendment. Pribble and Vernon we're willing participants in the conspiracy show by almost identical testimony.

36. Defendant Pribble and Vernon we're both aware that plaintiff was engaged in a First Amendment protest on the public sidewalk as a result of this protest Defendant Pribble and Vernon gave false testimonies; Claiming it was the music and noise that disrupted county business. However the volume coming out of the TV, was lower then one would speak. Plaintiffs voice was bellowing, vibrant and provocative it did dwarf any sounds that came from the TV.. Video evidence proves this.

37. Defendant Pribble and Vernon knowing; that Plaintiff was involved in a protest on the sidewalk claimed in their testimony in front of the special magistrate, that it was the level of the noise and music, that was disruptive and left out the material fact; that Mr. Sheets voice was twice the volume. The music was part of plaintiff's protest; however Plaintiff was verbally protesting have a louder volume then the TV. Plaintiff was also acting as a journalist and asking questions of individuals who were walking by on the public sidewalk.

38. Some the of question are as follows "we're gonna see if they ban music and videos next" "Did you here Punta Gordon banned free speech?"

39. Defendant Pribble and Vernon false testimony have a chilling effect on Plaintiffs First Amendment rights.

40. Vernon claiming loud noise was disruptive but not mentioning louder verb protest at all shows her committing an overt act targeted plaintiffs viewpoint and was conspiring with Pribble to retaliate against Plaintiffs Protest.

41. Because of the conspiracy and retaliation by Defendant Pribble and Vernon plaintiff was not allowed to protest nor conduct journalism, on the public sidewalk 410 Taylor s for one year, via the trespass warning.

**The court in front of the special magistrate is a kangaroo court and no constitutional argument are relevant to the outcome.**

## Charlotte County

## Monell

42. "CHARLOTTE COUNTY FACILITY RULES 10" unreasonable as applied to public sidewalk.

43. "Disruptive, harassing or unsafe behavior, including conduct which interferes with County employees or County officials in the performance of

their duties, or interferes with the proper use of the County facility by others." (CHARLOTTE COUNTY FACILITY RULES 10)

44. Public sidewalks are Traditional public Forums are afforded the full protection of the 1st amendment.

45. The standard for government to censorship or regulation on a political protest on a public sidewalk, is "narrowly limited classes of speech".

46. "Disruptive, harassing or unsafe behavior, is the bases for most speech. What is the point of a protest if it does not have a disruptive effect. Harassment is often actions based on words and speech. Unsafe behavior can be classified as any activity. During a hurricane living in Florida could be unsafe.

47. Accordingly, a function of free speech under our system of government is to invite dispute. It may indeed best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger. Speech is often provocative and challenging. It may strike at prejudices and preconceptions and have profound unsettling effects as it presses for acceptance of an idea. That is why freedom of speech, though not absolute, *Chaplinsky v. New Hampshire, supra,* pp. 315 U. S. 571-572, is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious

substantive evil that rises far above public inconvenience, annoyance, or unrest. *Terminiello v. Chicago,* **337 U.S. 1 (1949)**

48. Here Defendant Pribble and Vernon did violated my 1st Amendment and Charlotte County facility rule 10 was the moving force behind that deprivation. It allows any Charlotte County employee to shut down free speech by claiming "Disruptive, harassing or unsafe behavior,"

49. The playing of music on a TV was enough to meet this ridiculous and unconstitutional standard. Public sidewalks are meant for protest, journalism, the gathering of signatures for petitions and other activities that involve God-given rights.  It is not reasonable to change the use of a public forum so that you do not disrupt county employees doing their work.

50. You can't  give away the nations freedom, because County Employees feelings get hurt and music that is lower then one would speak, interrupts County Employees work.

   a. "Although the preservation of liberty depends in part upon the maintenance of social order, the First Amendment requires that officers and municipalities respond with restraint in the face of verbal challenges to police action, since a certain amount of expressive disorder is inevitable in a society committed to individual freedom, and must be protected if that freedom would survive. Pp. 482 U. S. 471-472." *City of Houston v. Hill,* **482 U.S. 451 (1987)**

b. *Brandenburg v. Ohio,* <u>395 U. S. 444</u>, <u>395 U. S. 447</u> (1969). kills free speech and allows the Government to stop speech arbitrary, the standard during a protest on a sidewalk "where such advocacy is directed to inciting or producing *imminent* lawless action and is likely to incite or produce such action." *Brandenburg v. Ohio,* <u>395 U. S. 444</u>, <u>395 U. S. 447</u> (1969).

c. Charlotte County facility rule 10 is unreasonable because it lowers the standard below producing *imminent* lawless action and is likely to incite or produce such action.

## <u>CHARLOTTE COUNTY FACILITY RULES 10, unconstitutionally overbroad, and Void for Vagueness; therefore Facially Unconstitutional.</u>

51. "Disruptive, harassing or unsafe behavior, including conduct which interferes with County employees or County officials in the performance of their duties, or interferes with the proper use of the County facility by others." (CHARLOTTE COUNTY FACILITY RULES 10)

52. "Disruptive, harassing or unsafe behavior," is never defined in the ordinance and can mean anything.

53. "including conduct which interferes with County employees or County officials in the performance of their duties" this can also mean anything.

54. Not wearing shoes on the sidewalk could be considered unsafe behavior, and one could be trespassed for this activity.

55. Eating a hot dog could interfere with a county employees duties, if that county employee is hungry and loses focus watching you eat that hot dog.

56. CHARLOTTE COUNTY FACILITY RULES 10, is overbroad and vague, that anyone at any time could be cited for it.

57. A judge could be cited; because a county employee is fearful, a judge would trip on their own robe. The employee then went outside; to talk to the judge, and this did interfere with that county employees business.

**CLAIM ONE:**

**42 U.S.C. § 1983**

**First Amendment – Violation Regarding Free Speech and Press**

**Viewpoint Discrimination**

58. TONY PRIBBLE,

59. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

60. Plaintiff's speech and expression were related to matters of public concern and were a political protest.

61. TONY PRIBBLE, did Cite plaintiff for violation of CHARLOTTE COUNTY FACILITY RULES 10 for the content of his message that was being play on a TV, while he was engaged was engaged in a public protest on a public sidewalk.

62. Tony Pribble citing plaintiff for violation of Charlotte County facility rule 10. Did stop plaintiffs protest on a public sidewalk.

63. Plaintiff protesting on a public sidewalk playing curse words on a television and verbally protesting using profanity is expressive activity protected by the 1st amendment.

64. Tony Pribble Citing plaintiff occurred while Pribble was acting under the color of law.

65. Defendant's conduct violated clearly established rights belonging to Plaintiff of which reasonable persons in Defendants' position knew or should have known.

66. Defendant engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

## CLAIM TWO:

## 42 U.S.C. § 1983

## First Amendment – Violation Regarding Free Speech and Press.

## Retaliation

TONY PRIBBLE,

67. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

68. Plaintiff's speech and expression were related to matters of public concern and were a political protest.

69. TONY PRIBBLE, did Cite plaintiff for violation of CHARLOTTE COUNTY FACILITY RULES 10 for the content of his message that was being play on a TV, while he was engaged was engaged in a public protest on a public sidewalk.

70. Tony Pribble citing plaintiff for violation of Charlotte County facility rule 10. was retaliation for Mr. sheets 1st amendment protest on the public sidewalk.

71. Tony Pribble actions sought to punish plaintiff for exercising his First Amendment rights; and to silence Mr. Sheets future speech, and restrict plaintiff's freedom of expression.


72. Tony Pribble's retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

73. Defendant's conduct violated clearly established rights belonging to Plaintiff of which reasonable persons in Defendants' position knew or should have known.


74. Defendant engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.


## CLAIM THREE:

## 42 U.S.C. § 1983

### First Amendment – Violation Regarding Free Speech and Press.

### Conspiracy to violate First Amendment rights

JOANNE VERNON and Tony Pribble


75. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

76. Plaintiff's speech and expression were related to matters of public concern and were a political protest.

77. JOANNE VERNON and Tony Pribble did have an understanding to give a false testimony and leave out Plaintiffs verbal protest, and blame the citation on noise and music, coming from the television. This would have a chilling effect on Plaintiff's speech. This was an overt act in furtherance of the conspiracy. It also shows that JOANNE VERNON and Tony Pribble were willful participants in the conspiracy.

78. Tony Pribble did give a citation to plaintiff under county facility rule 10. This citation did stop plaintiff's First Amendment activity. This was an overt act in furtherance of the conspiracy. Tony Pribble did willfully participate in the conspiracy.

79. Because of JOANNE VERNON and Tony Pribble's, conspiracy to violate Plaintiffs rights, JOANNE VERNON and Tony Pribble did have an understanding to give a false testimony and leave out Plaintiffs verbal protest, and blame the citation on noise and music, coming from the television."

80. Plaintiff did lose his First Amendment right to protest on the public sidewalk behind the DMV on 410 Taylor St., S Annex Punta Gorda FL for one year because of this

81. JOANNE VERNON and Tony Pribble's actions sought to punish plaintiff for exercising his First Amendment rights; and to silence Mr. sheets future speech, and restrict plaintiff's freedom of expression.

82. JOANNE VERNON and Tony Pribble's retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

83. JOANNE VERNON and Tony Pribble's were acting under color of State law.

84. JOANNE VERNON and Tony Pribble's conduct violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants' position knew or should have known.

85. JOANNE VERNON and Tony Pribble's engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

**CLAIM FOUR: 42 U.S.C. § 1983 – First Amendment – Monell Liability (Facial Unconstitutionality: Vagueness and Overbreadth)**

**Charlotte County**

86. Plaintiff incorporates all preceding factual allegations as though fully set forth herein.

    a. Defendant **Charlotte County**, through its final policymakers, adopted and enforced **Charlotte County Facility Rule 10**, which provides: *"Disruptive, harassing or unsafe behavior, including conduct which interferes with County employees or County officials in the performance of their duties, or interferes with the proper use of the County facility by others."*

87. Rule 10 is **unconstitutionally vague** because it fails to provide ordinary persons with fair notice of what conduct is prohibited, and it invites arbitrary and discriminatory enforcement.

    a. Terms such as "disruptive," "harassing," and "unsafe" are undefined and inherently subjective.

    b. The Rule allows county employees to trespass or silence individuals based on personal disagreement, annoyance, or subjective discomfort, rather than any clear, objective standard.

    c. Vagueness doctrine requires laws to be drafted with sufficient clarity to prevent arbitrary enforcement. *See* **Grayned v. City of Rockford, 408 U.S. 104 (1972); Papachristou v. City of Jacksonville, 405 U.S. 156 (1972).**

88. Rule 10 is also **unconstitutionally overbroad** because it prohibits a substantial amount of protected speech in traditional public forums, such as public sidewalks.

    a. Political protest, journalism, and expressive activity are inherently "disruptive" to government business, yet they are core First Amendment rights.

b. The Rule criminalizes or suppresses speech that merely causes inconvenience, annoyance, or unrest, which is insufficient to justify restriction. *See* **Terminiello v. Chicago, 337 U.S. 1 (1949); City of Houston v. Hill, 482 U.S. 451 (1987).**

c. By prohibiting undefined "harassing" or "unsafe" behavior, the Rule sweeps in vast categories of protected expression, chilling speech far beyond any legitimate governmental interest.

89. As applied to Plaintiff, Rule 10 was used to trespass him from a public sidewalk while engaged in a political protest and journalistic activity. This enforcement demonstrates the Rule's unconstitutional breadth and vagueness, as it empowered county employees to silence Plaintiff's viewpoint under the guise of "disruption."

90. Defendant **Charlotte County**, as a municipal entity, is liable under **Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)** because:

a. Rule 10 is an official policy adopted and enforced by the County.

b. The Rule was the **moving force** behind the violation of Plaintiff's First Amendment rights.

c. The unconstitutional policy directly caused Plaintiff's deprivation of free speech, free press, and protest rights.

91. Plaintiff seeks declaratory and injunctive relief declaring **Charlotte County Facility Rule 10** unconstitutional on its face and as applied, as well as compensatory and punitive damages for the violation of his clearly established constitutional rights.

**Monell Claim – Unreasonable as Applied to Public Sidewalk**

**CLAIM FIVE: 42 U.S.C. § 1983 – First Amendment – Monell Liability (Unreasonable as Applied to Public Sidewalk)**

**Charlotte County**

92. Plaintiff incorporates all preceding factual allegations as though fully set forth herein.

93. Defendant **Charlotte County**, through its final policymakers, adopted and enforced **Charlotte County Facility Rule 10**, which provides: *"Disruptive, harassing or unsafe behavior, including conduct which interferes with County employees or County officials in the performance of their duties, or interferes with the proper use of the County facility by others."*

    a. Public sidewalks are **traditional public forums** where expressive activity enjoys the highest level of First Amendment protection. *See* **Snyder v. Phelps, 562 U.S. 443 (2011); United States v. Grace, 461 U.S. 171 (1983).**

94. Rule 10, as applied to Plaintiff's protest on the public sidewalk adjacent to the Charlotte County Annex, is **unreasonable** because it converts a traditional public forum into a speech-restricted zone designed to protect government employees from annoyance or disruption.

    a. The government may impose only **reasonable time, place, and manner restrictions** that are content-neutral, narrowly tailored, and leave open ample alternative channels of communication. *See* **Ward v. Rock Against Racism, 491 U.S. 781 (1989).**

    b. Rule 10 fails this test because it is not narrowly tailored. It prohibits expressive activity whenever a county employee claims "disruption," even if the speech is peaceful, political, and constitutionally protected.

    c. The Rule prioritizes employee comfort and convenience over the public's right to protest, which is not a legitimate governmental interest sufficient to override First Amendment rights. *See* **Terminiello v. Chicago, 337 U.S. 1 (1949).**

95. As applied to Plaintiff, Rule 10 was used to trespass him from a public sidewalk while engaged in political protest and journalism. This enforcement demonstrates the Rule's **unreasonableness**, because:

    a. Plaintiff's speech did not create a clear and present danger of lawless action. *See* **Brandenburg v. Ohio, 395 U.S. 444 (1969).**

    b. Plaintiff's expressive activity was louder than the television broadcast, yet Defendants ignored his verbal protest and selectively targeted the TV noise, showing viewpoint discrimination.

    c. The Rule was wielded as a weapon to silence Plaintiff's viewpoint, not to preserve legitimate public order.

96. Defendant **Charlotte County**, as a municipal entity, is liable under **Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)** because:

    a. Rule 10 is an official policy adopted and enforced by the County.

    b. The Rule was the **moving force** behind the violation of Plaintiff's First Amendment rights.

c. The unconstitutional application of Rule 10 directly caused Plaintiff's deprivation of free speech, free press, and protest rights on a public sidewalk.

97. Plaintiff seeks declaratory and injunctive relief declaring **Charlotte County Facility Rule 10** unconstitutional as applied to public sidewalks, as well as compensatory and punitive damages for the violation of his clearly established constitutional rights.

## PRAYER FOR RELIEF

98. Wherefore, Plaintiff Sheets entitled compensatory from Charlote County and compensatory and punitive damages from the individual Defendants, JOANNE VERNON and Tony Pribble's an award of reasonable costs.

**Jury Demand**

99. Plaintiff demands trial by jury on all issues triable by jury.

11/11/2025
/S/ ANDREW B SHEETS PRO SE
11408 PEPPERDINE ST
PUNTA GORDA,FL,33955

deprivationofrightsunderlaw@gmail.com

CERTIFICATE OF SERVICE THRU THE COURT SYSTEM ON 11/11/2025

Tiernan Cole, Assistant County Attorney

Florida Bar No. 87228

Charlotte County Attorney's Office

18500 Murdock Circle, Suite 573

Port Charlotte, FL 33948

Telephone: 941.743.1330

Facsimile: 941.743.1550

Tiernan.Cole@CharlotteCountyFL.gov

Tiffany.Hummel@CharlotteCountyFL.gov

County.Attorney@CharlotteCountyFL.gov